## MYERS v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 7345.

United States District Court
W. D. Missouri, W. D.
April 30, 1952.

448

Philip L. Levi, Solbert M. Wasserstrom, Kansas City, Mo., for plaintiff.

Blackmar, Newkirk, Eager, Swanson & Midgley, Henry I. Eager, Horace F. Blackwell, Jr., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action in two counts. Plaintiff has sued on the accident provisions of two separate insurance policies, one in the sum of $7,000, and the other in the sum of $2,000. She alleges that she was entitled to the benefits arising from the accident provisions of said policies and that the death of the insured occurred under contractual circumstances, that is, by accident, and that she was and is entitled to such benefits. It was further averred in her complaint that the policies were in the possession of the defendant.

After the disposition of motions for a more definite statement, the defendant filed answers to the said several counts of the complaint and supplemented such answers with a counterclaim wherein it asks the court to "declare the rights and other legal relations of the parties hereto." The counterclaim was simply for a declaratory judgment under Section 2201, Title 28 U.S.C.A. and under Rule 57 Rules of Civil Procedure, 28 U.S.C.A. The reason for the sought declaratory judgment is that the benefits, if any, payable in case of accidental death, were to be by installments, and the plaintiff in this action was to receive such installment payments only during her lifetime, and if she should decease during the period of payments, then other beneficiaries were named to receive such unpaid or future installments.

It is the defendant's view that the present proceeding would be inadequate for a determination of the rights of the parties. Hence the action for a declaratory judgment.

1. If the plaintiff were the only party interested, then it is true that the present proceeding would be adequate for that purpose. However, the defendant anticipated the rights of other parties and for that reason attempts to interpose a counterclaim in the nature of a declaratory judgment action. According to the information furnished, this would bring into court parties whose residence would oust the jurisdiction of this court. If the defendant should be able to limit the parties to the present action, then the instant action would be adequate and a declaratory judgment would be unnecessary. Moreover, it has been held by this court that a declaratory judgment as a counterclaim is not proper. No reason appears why there should be a departure from that ruling. The object of the declaratory judgment law is to secure repose in controversies and to accelerate the determination of rights where prospective litigation causes unrest and is disturbing.

2. It has been repeatedly held by the courts that the granting of declaratory relief is discretionary with the trial courts. Unquestionably the discretion should be exercised against the kind of proceeding attempted here even if the counterclaim be proper. The plaintiff not only seeks to dismiss the counterclaim but asks permission to dismiss her original action for the reason that the facts were misconceived when suit was filed here. This was due to the alleged fact that the policies are in the possession of the defendant and counsel was not apprized of their terms when suit was filed. No harm could come to the defendant by such a dismissal and it should, therefore, be ordered that the defendant's counterclaim be dismissed and further ordered that the action in this court be dismissed without prejudice.